SCHROEDER, Circuit Judge,
concurring:
I agree that in the absence of cases recognizing any specific use of taser weapons as excessive force, the defendants are entitled to qualified immunity under the Supreme Court’s teaching in Ashcroft v. al-Kidd, — U.S. —, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011). I also agree wholeheartedly with the majority opinion by Judge Paez that the use of such force in the cases before us was excessive.
I write separately only to emphasize the non-threatening nature of the plaintiffs’ conduct. Both were women, with children nearby, who were tased after engaging in no threatening conduct. In Mattos, a domestic violence victim wanted the officers outside her home so they would not awaken her children. In Brooks, the police stopped the pregnant plaintiff for speeding in front of her child’s school — when she refused to sign the traffic ticket and exit the vehicle, the police tased her. Her behavior may be difficult to understand, but it certainly posed no immediate threat to the officers.
It is the threatening nature of the plaintiffs’ conduct that justified the use of the *453 taser in the eases Judge Kozinski could rely upon. Draper v. Reynolds, 369 F.3d 1270 (11th Cir.2004); Hinton v. City of Elwood, 997 F.2d 774 (10th Cir.1993); Russo v. City of Cincinnati 953 F.2d 1036 (6th Cir.1992). When evaluating the use of any force, a prime consideration is always whether the suspect posed an immediate threat to the safety of the officers. See Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir.2005) (en banc).
The relevant out of circuit cases upholding tasings all involved the tasing of threatening men. Draper was described as a “belligerent” truck driver. Hinton was an “angry” town resident whose dog had been impounded, and who then threatened the animal control officer and kicked and actually bit the arresting officers. Russo was deranged, barricaded himself in his apartment after leaving a psychiatric facility, and then came after the police with butcher knives. This is not to suggest that only men can be threatening, but that these women were not.
Moreover, Judge Kozinski’s partial concurrence reflects some serious misunderstanding of each woman’s situation. While Judge Kozinski focuses on the fact that Brooks’ baby was born healthy, the focus should be on whether the officers had properly taken into account the risk of harm to the child in using the taser. See Torres v. City of Madera, 648 F.3d 1119, 1126 (9th Cir.2011) (“[A] jury might question the reasonableness of choosing to send 1,200 volts of electricity through a person when the alleged concern is for that person’s safety.”) (footnote omitted). Judge Kozinski’s underlying assumption in Mottos, that violence is gender-blind, and concerns for women’s safety thus “chauvinistic,” overlooks the worldwide struggle to combat violence against women. See, e.g., Violence Against Women Act, codified at 42 U.S.C. §§ 3796gg, 13925 et seq.
One could argue that the use of painful, permanently scarring weaponry on nonthreatening individuals, who were not trying to escape, should have been known to be excessive by any informed police officer under the long established standards of Graham. The Eleventh Circuit has recently held that police officers using a taser were not entitled to qualified immunity where no threat, or escape, was imminent. Fils v. City of Aventura, 647 F.3d 1272, 1289, 1292 (11th Cir.2011). Nevertheless, the Supreme Court’s opinion in alKidd appears to require us to hold that because there was no established case law recognizing taser use as excessive in similar circumstances, immunity is required. al-Kidd, 131 S.Ct. at 2084 (“We have repeatedly told courts — and the Ninth Circuit in particular — not to define clearly established law at a high level of generality.”) (internal citation omitted). I therefore concur in Judge Paez’s good opinion.